**UNITED STATES of America,**
**Appellee,**

v.

**Darius Durand McGEE, Defendant–**
**Appellant.**

**No. 06–2662–CR.**

United States Court of Appeals,
Second Circuit.

Jan. 8, 2008.

Sandra S. Glover (Edward Chang, on the brief) Assistant United States Attorneys, for Kevin J. O'Connor, United States

Attorney for the District of Connecticut, for Appellee.

Robert J. Sullivan, Jr., Westport, CT, for Defendant–Appellant.

Present: AMALYA L. KEARSE, PETER W. HALL, Circuit Judges, JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant McGee appeals from a May 16, 2006 judgment reimposing an April 25, 2002 sentence for his conviction following a plea of guilty to one count of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) for possession with intent to distribute and distribution of less than five grams of cocaine base.[1] We assume the parties' familiarity with the facts, proceedings below, and specification of the issue on appeal.

McGee's sole argument asserts that the district court relied on inaccurate information contained in the Pre–Sentence Report (PSR) regarding lengths of sentences he served for prior convictions. The PSR had relied on those sentences in concluding that McGee should be sentenced as a career offender. Neither before the District Court nor on this appeal, however, has McGee demonstrated how the information contained in the PSR regarding previously imposed sentences was erroneous. At the sentencing hearing, McGee's counsel informed the District Court that McGee indicated he had not served the sentences described in the PSR, adding that "[he,

counsel,] ha[d] no way of verifying that." Having made known his objection, McGee did not proffer any evidence as to the actual lengths of sentences served, nor did he seek to have the district court make a determination of the pertinent facts following an evidentiary hearing. *See* FED R.CRIM. P. 32(i)(2) ("The court may permit the parties to introduce evidence [or testimony] on the objections."); *see also* FED. R.CRIM.P. 32(i)(3)(A) (providing that the sentencing court "may accept any undisputed portion of the presentence report as a finding of fact").

Based on his assertion that the PSR did not accurately report the lengths of the sentences he had served, McGee argues that the District Court could not properly have determined the extent of a sentencing departure. Despite McGee's failure to demonstrate that his prior sentences were shorter than reported in the PSR, the District Court exercised its authority under the Guidelines in granting a downward departure to eliminate the effect of the career offender enhancement, U.S.S.G. § 4B1.1, while specifically declining to adjust McGee's criminal history category, *see* U.S.S.G. § 4A1.3(b) (authorizing a downward departure where the defendant's criminal history category "substantially over-represents" his prior criminal history or likelihood of recidivism); *United States v. Mishoe,* 241 F.3d 214, 219 (2d Cir.2001) (listing factors which may be considered by a court in determining whether to grant a departure, including "the amount of time previously served compared to the sentencing range called for by placement" in a particular criminal history category).

---

\* The Honorable Jed S. Rakoff, District Judge for the Southern District of New York, sitting by designation.

1. On April 17, 2003, McGee filed a motion pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel based on his then-attorney's failure to appeal his sentence

originally imposed in April 2002. The District Court granted McGee's § 2255 motion on May 16, 2006, vacating the original judgment and then reimposing the sentence that had been entered in April 2002, thus allowing McGee a renewed opportunity to appeal.

McGee has set forth no basis for this Court to conclude that the information the District Court considered in its sentencing determinations was unreliable. For that reason, McGee fails to support his claim that the District Court erred in relying on the information in the PSR.

Upon review of the record and the applicable law, we find no basis to conclude that the District Court erred in imposing the sentence it did. Accordingly we **AFFIRM** the judgment below.

